**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

 0   Valuation of Security     0   Assumption of Executory Contract or Unexpired Lease     0   Lien Avoidance

**Last revised: September 1, 2018**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:                                                                                   Case No.:        17-34784

Steven J. Bombaro                                                             Judge:           JNP

Debtor(s)

**Chapter 13 Plan and Motions**

☐ Original          ☒ Modified/Notice Required          Date: 05/06/2020

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___EJC___     Initial Debtor: ___SJB___     Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

$18,250 is the total paid through 4/30/20. then $1,100/month starting May 2020 for 52 months (80 months total). This extension is in accordance with Section 1113 of the CARES Act as the debtor has suffered a material financial hardship due to COVID-19

    b.  The debtor shall make plan payments to the Trustee from the following sources:

        ☒    Future earnings

        ☐    Other sources of funding (describe source, amount and date when funds are available):

    c.  Use of real property to satisfy plan obligations:

        ☐  Sale of real property
        Description:
        Proposed date for completion: _____

        ☐  Refinance of real property:
        Description:
        Proposed date for completion: _____

        ☐  Loan modification with respect to mortgage encumbering property:
        Description:
        Proposed date for completion: _____

    d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ * |
| DOMESTIC SUPPORT OBLIGATION | | |
| State of New Jersey Division of Taxation | SALES & USE and INCOME TAXES | $7,855.31 ** |
| IRS | TAXES | $46,380.38 |

** We have objected to New Jersey's claim and this is the balance we expect will remain after this objection is ruled on.

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

\* Estimated additional fees (subject to court approval) of $5,800 ($3,816.35 of which have been paid by the Trustee in the form of an over payment of a prior fee application). The approximate balance remaining is $2,016.

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| DiTech | Gloucester City property | $58,950 | $16,050 |
| Bank of America | Residence<br>3 Laurel Ave Berlin, NJ | Unknown | Entire balance |
| Wells Fargo | Residence | Unknown | Entire balance |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ 0_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:   Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:   Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Jenkins and Clayman
3) IRS & State of New Jersey
4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:  Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 12/21/18_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To reflect the results of an objection to New Jersey's proof of claim and correct the amount owed to the IRS based on its claim and to include outstanding administrative fees in the plan. | Plan extended and Trustee payment altered slightly. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No
(Schedule J only)

### Part 10:  Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 05/06/2020 /s/ Steven J. Bombaro
Debtor

Date: _____ _____
Joint Debtor

Date: 05/06/2020 /s/ Eric J. Clayman
Attorney for Debtor(s)

```
                        United States Bankruptcy Court
                              District of New Jersey

In re:                                                      Case No. 17-34784-JNP
Steven J. Bombaro                                           Chapter 13
        Debtor
                            CERTIFICATE OF NOTICE
District/off: 0312-1          User: admin              Page 1 of 2          Date Rcvd: May 18, 2020
                              Form ID: pdf901          Total Noticed: 39


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 20, 2020.
db             +Steven J. Bombaro,    3 Laurel Avenue,    Berlin, NJ 08009-1217
cr            ++FORD MOTOR CREDIT COMPANY,    P O BOX 62180,    COLORADO SPRINGS CO 80962-2180
                (address filed with court:   Ford Motor Credit Company LLC,    P.O. Box 62180,
                Colorado Springs, CO   80962)
517268579     ++BANK OF AMERICA,    PO BOX 982238,   EL PASO TX 79998-2238
                (address filed with court:   Bank of America,    PO Box 15019,    Wilmington, DE 19886-5019)
517268573      +Bank of America,    c/o of Powers Kirn,LLC,    728 Marne Highway,    Ste 200,
                Moorestown, NJ 08057-3128
517314767       Bank of America, N.A.,    Bank of America,   P.O. Box 31785,    Tampa, FL 33631-3785
517313266      +Bank of America, N.A.,    P O Box 982284,   El Paso, TX 79998-2284
517268582       Business Card,    PO Box 15710,   Wilmington, DE 19886-5710
517336313       CACH, LLC its successors and assigns as assignee,     of FIA Card Services, N.A.,
                Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517268589       CNH Industrial Capital,    PO Box 292,   Racine, WI 53401-0292
517268590      +County Conservation,    212 Blackwood Barnsboro Road,    Sewell, NJ 08080-4202
517268574       Ditech,    PO Box 7169,   Pasadena, CA 91109-7169
517281899       Ditech Financial LLC fka Green Tree Servicing LLC,     P.O. Box 6154,
                Rapid City, South Dakota 57709-6154
517268592       Ink by Chase,    PO Box 15298,   Wilmington, DE 19850-5298
517220784      +Joe & Donna Pagano,    19 Hollybrook Drive,    Sewell, NJ 08080-1549
517268593      +Johnson Nursery Corp,    c/o JL Russell & Associates LTD,    13700 State Road,   Ste 4,
                North Royalton, OH 44133-3967
518654054       New Residential Mortgage LLC,    P.O. Box 10826,    Greenville, SC 29603-0826
518654055       New Residential Mortgage LLC,    P.O. Box 10826,    Greenville, SC 29603-0826,
                New Residential Mortgage LLC,    P.O. Box 10826,    Greenville, SC 29603-0826
518427889     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                TRENTON NJ 08646-0245
                (address filed with court:   State of New Jersey,    Department of Treasury,
                Division of Taxation,    PO Box 245,   Trenton, NJ 08695-0245)
517268577       State of NJ,    Division of Taxation,   PO Box 445,    Trenton, NJ 08695-0445
517220786       State of New Jersey,    Division of Taxation,   PO Box 445,    Trenton, NJ 08695-0445
517268596      +Suburban Family,    110 Centre Blvd,   Marlton, NJ 08053-4106
517260154       Wells Fargo Bank, N.A.,    1 Home Campus X2303-01A,    Des Moines, IA 50328-0001
517268575      +Wells Fargo Home Mortgage,    PO Box 3117,   Winston Salem NC 27102-3117
517268597      +Woodbury Cement Products,    630 S. Evergreen Avenue,    Woodbury Heights, NJ 08097-1006

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 18 2020 23:33:04      U.S. Attorney,   970 Broad St.,
                Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 18 2020 23:33:01      United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
517268578      +E-mail/PDF: MerrickBKNotifications@Resurgent.com May 18 2020 23:38:09      Advanta Bank,
                PO Box 9217,    Old Bethpage, NY 11804-9017
517268583      +E-mail/PDF: resurgentbknotifications@resurgent.com May 18 2020 23:38:56      Cach LLC,
                4340 S. Monaco Street,    Unit 2,   Denver CO 80237-3485
517268584      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 18 2020 23:38:18      Cap One,
                PO Box 30253,    Salt Lake City UT 84130-0253
517268585      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 18 2020 23:38:19      Capital One Bank,
                PO Box 70884,    Charlotte, NC 28272-0884
517268586       E-mail/Text: bnc@alltran.com May 18 2020 23:32:24      Chase Bank USA NA,
                c/o United Recovery Systems,    PO Box 722929,   Houston, TX 77272-2929
517268591      +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM May 18 2020 23:32:39      GM Financial,
                PO Box 181145,    Arlington, TX 76096-1145
517220783       E-mail/Text: sbse.cio.bnc.mail@irs.gov May 18 2020 23:32:34      IRS,    PO Box 7346,
                Philadelphia, PA 19101-7346
517268587       E-mail/PDF: ais.chase.ebn@americaninfosource.com May 18 2020 23:38:16      Chase Freedom,
                PO Box 15153,    Wilmington, DE 19886-5153
517268588       E-mail/PDF: ais.chase.ebn@americaninfosource.com May 18 2020 23:38:48      Chase Ink,
                PO Box 15298,    Wilmington, DE 19850-5298
517268595       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 19 2020 09:13:07
                Portfolio Recovery Assoc LLC,    c/o Thomas Murtha,    140 Corporate Blvd,   Norfolk, VA 23502
517334042       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 19 2020 09:13:07
                Portfolio Recovery Associates, LLC,    POB 41067,   Norfolk, VA 23541
517252511       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 19 2020 09:13:07
                Portfolio Recovery Associates, LLC,    c/o Capital One,    POB 41067,   Norfolk VA 23541
517268594       E-mail/PDF: gecsedi@recoverycorp.com May 18 2020 23:39:16      Pay Pal,   PO Box 960080,
                Orlando, FL 32896-0080
                                                                                               TOTAL: 15
```

```
District/off: 0312-1          User: admin              Page 2 of 2             Date Rcvd: May 18, 2020
                              Form ID: pdf901          Total Noticed: 39

              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517220781         Bank of America
517220782         Greentree
517220785         Schedule F debt
517220787         Wells Fargo Home Mortgage
517268580*      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                  (address filed with court:   Bank of America,    PO Box 15019,   Wilmington, DE 19886-5019)
517268581*      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                  (address filed with court:   Bank of America,    PO box 982235,   El Paso, TX 79998)
517268576*       +IRS,   PO Box 7346,   Philadelphia, PA 19101-7346
517268598*       +Joe & Donna Pagano,    19 Hollybrook Drive,    Sewell, NJ 08080-1549
                                                                                 TOTALS: 4, * 4, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 20, 2020                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 13, 2020 at the address(es) listed below:
              Aleisha Candace Jennings    on behalf of Creditor    New Residential Mortgage LLC
               ajennings@rasflaw.com
              David  Nigro    on behalf of Debtor Steven J. Bombaro jenkins.clayman@verizon.net
              Denise E. Carlon    on behalf of Creditor    Ditech Financial LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Eric  Clayman    on behalf of Debtor Steven J. Bombaro jenkins.clayman@verizon.net,
               connor@jenkinsclayman.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Jeffrey E. Jenkins    on behalf of Debtor Steven J. Bombaro jenkins.clayman@verizon.net,
               connor@jenkinsclayman.com
              John R. Morton, Jr.    on behalf of Creditor    Ford Motor Credit Company LLC
               ecfmail@mortoncraig.com, mortoncraigecf@gmail.com
              Rebecca Ann Solarz    on behalf of Creditor    Ditech Financial LLC rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              Valerie A. Hamilton    on behalf of Creditor    New Jersey Division of Taxation
               Valerie.Hamilton@law.njoag.gov
              William M. E. Powers, III    on behalf of Creditor    Bank of America, N.A. ecf@powerskirn.com
              William M.E. Powers    on behalf of Creditor    Bank of America, N.A. ecf@powerskirn.com
              William M.E. Powers, III    on behalf of Creditor    Bank of America, N.A. ecf@powerskirn.com
                                                                                             TOTAL: 14
```